IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DENISE K. WATSON<br><br>　　　Plaintiff<br><br>vs.<br><br>UNITED CONSUMERS, INC.<br><br>　　　Defendant | CIVIL ACTION NO.:  3:10-CV-174(HEH) |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant United Consumers, Inc. ("UCI"), files this memorandum in support of its Motion for Summary Judgment as follows:

**I.	BACKGROUND**

On or before July 6, 2009 Plaintiff, Denise Watson, incurred a debt with Commonwealth Radiology, P.C. ("Commonwealth").  Plaintiff then filed a Chapter 7 Bankruptcy in the Eastern District of Virginia, Richmond Division, Bankruptcy Court, on July 6, 2009, Case No. 3:09-bk-34259-DOT.  Commonwealth was not listed or scheduled on the list of creditors due to what Plaintiff describes as "an inadvertent error in the bankruptcy."  On October 19, 2009, the Court entered a discharge of the debtor, Denise Watson, pursuant to 11 U.S.C. §727.  In early December 2009, Commonwealth referred Plaintiff's delinquent account to UCI for collection.  Subsequently, on December 7, 2009, UCI sent a collection notice to Plaintiff.[1]

In response to this letter, Plaintiff filed an Adversary Proceeding against Commonwealth in the United States Bankruptcy Court, Eastern District of Virginia, Richmond Division, <u>Watson v. Commonwealth Radiology, P.C.</u>, Case No. 10-03011-DOT.  This adversary action specifically

---

[1] On December 11, 2009, upon being notified of Ms. Watson's Bankruptcy Discharge, UCI ceased collection and closed its file.

1

referred to the December 7, 2009 UCI collection notice to Plaintiff and alleged that the sending of the notice was a violation of the discharge injunction. Plaintiff sought actual and punitive damages, attorney fees and costs pursuant to 11 U.S.C. §524.

In early February 2010, Denise Watson and Commonwealth, entered into a Settlement Agreement that resolved the adversary action. The Settlement Agreement recited at Paragraph 2.b. that Ms. Watson "on behalf of her self, her predecessors, successors and assigns, hereby knowingly and voluntarily releases, remises and forever discharges Respondent[] [Commonwealth], <u>its current and former agents</u> . . . from any all costs, attorney fees, damages, claims, demands, obligations, liabilities, defenses, affirmative defenses, counterclaims, actions, and causes of action of whatsoever kind or nature, whether developed or undeveloped, whether known or unknown, from the beginning of time up to and including the execution of this settlement agreement." (Emphasis added.)

One month after completing the settlement with Commonwealth, Plaintiff filed this suit against UCI alleging that it violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq., by sending the December 7, 2009 letter referred to in the adversary complaint against Commonwealth.

Defendant has filed its answer, and has raised the affirmative defense that Plaintiff's claims are barred by the release she entered into with UCI's principal, Commonwealth Radiology, P.C.

## II. SUMMARY OF ARGUMENT

Based upon the specific written terms of the Settlement Agreement Ms. Watson entered into with Commonwealth Radiology, P.C., she has fully and finally released UCI, the agent of Commonwealth, from any claims relating to the December 7, 2009 collection letter. Under

2

Virginia law, the interpretation and construction of releases are governed by the intention of the parties as expressed in the document that has been executed. Berczak v. Erie Insurance Group, 259 Va. 795, 799, 529 S.E. 2d 89, 91 (2000). When the contract is lawful and the language is free of the ambiguity, the agreement furnishes the law that governs the parties. Id. Applying these principles, the Settlement Agreement clearly and unambiguously and grants a release not only to Commonwealth but to its agent UCI for any causes of action "whether developed or undeveloped, whether known or unknown, from the beginning of time up to and including the execution of this Settlement Agreement." (Settlement Agreement, ¶ 2.b.)

### III. LIST OF UNDISPUTED FACTS

The following facts are based upon Plaintiff's Complaint ("Compl."), the declarations of Jessica T. Ford and Jerry T. Fosselman In Support of Defendant's Motion for Summary Judgment (respectively "Ford Decl." and "Fosselman Decl."), filed herewith, and upon the records in Watson v. Commonwealth Radiology, P.C., U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond Division, Case No. 1003011-DMT, a proceeding of which this Court may take judicial notice. ("Adv. Proceeding").[2]

1. On or before July 6, 2009, Denise Watson incurred a debt with Commonwealth Radiology. (Compl. ¶ 9.)

2. On July 6, 2009, Denise Watson, filed a Chapter 7 Bankruptcy in the Eastern District of Virginia, Richmond Division, Bankruptcy Court, Case No. 3:09-bk-34259-DOT. (Compl. ¶ 16.)

---

[2] "Pursuant to Fed.R.Evid. 201(b)(2),'[a] judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' . . . The 'most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.' 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977)." Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 -1240 (4th Cir. 1989).

3. On October 19, 2009, the Bankruptcy Court entered a discharge of debtor pursuant to 11 U.S.C. §727.  (Compl. ¶ 24, and Exhibit D.)

4. In early December, 2009, Commonwealth referred Plaintiff's delinquent account to UCI for collection.  (Ford Decl., ¶¶ 3-4.)

5. As part of its collection process, on or about December 7, 2009, United Consumers, Inc. mailed Plaintiff a letter regarding her past due account with Commonwealth.  (Compl. ¶ 26, Exh. E thereto; Ford Decl., ¶ 5.)

6. On January 18, 2010, Plaintiff filed a Complaint in the United States Bankruptcy Court, Eastern District of Virginia, Richmond Division, <u>Watson v. Commonwealth Radiology, P.C.</u>, Case No. 10-03011-DOT against Commonwealth specifically alleging that the December 7, 2009 letter from United Consumers, Inc. to Plaintiff was a violation of the Bankruptcy discharge injunction, and seeking actual and punitive damages as well as attorney's fees and costs.  (Adv. Proceeding, DE 1, Complaint, ¶¶ 19-22, 24.)

7. In early February, 2010, Denise Watson and Commonwealth entered into a Settlement Agreement, settling the claim in the Adversary Proceeding.  (Fosselman Decl., ¶ 3, and Exh. A thereto.)

8. The Settlement Agreement specifically included the following language:

"The Complainant [Ms. Watson] on behalf of her self, her agents, her predecessors, successors and assigns, hereby knowingly and voluntarily releases, remises and forever discharges Respondents [sic] [Commonwealth], its current and former agents, affiliates, attorneys, representatives, insurers, servants, share holders, officers, directors, client(s) and employees from any all costs, attorney fees, damages, claims, demands, obligations, liabilities, defenses, affirmative defenses, setoffs, counterclaims, actions, and causes of action of whatsoever kind or nature, whether developed or undeveloped, whether known or unknown, from the beginning of time up to and including the execution of this settlement agreement."

(Fosselman Decl., ¶ 3, Exh. A., ¶2.b.)

4

9.  After completing the settlement with Commonwealth, Plaintiff Denise Watson filed the subject action against United Consumers, Inc., alleging that the same December 7, 2009 letter was a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (Compl. ¶¶ 26 and 29.)

## IV.  LEGAL ARGUMENT

### A.  Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. Id. at 255.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48. Summary judgment must be granted if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). To defeat an otherwise properly supported motion for summary judgment, the non-moving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of some "metaphysical doubt" concerning a material fact. Lewis v. City of Va. Beach Sheriff's Office, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted).

Furthermore, a "material fact" is a fact that might affect the outcome of a party's case. Anderson, 477 U.S. at 247-48; JKC Holding Co. LLC v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; see also Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact only arises when the evidence, when viewed in the light most favorable to the non-moving party, is sufficient to allow a reasonable jury to return a verdict in that party's favor. Anderson, 477 U.S. at 248. A court cannot weigh the evidence, or make credibility determinations in its summary judgment analysis. Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004).

> B. The Undisputed Facts Show That The Settlement Agreement Plaintiff Entered Into With Commonwealth Radiology, P.C. Operates As A Release Of Its Agent, United Consumers, Inc. In This Action

By its terms, the Settlement Agreement is to be interpreted in accordance with Virginia Law. (Fosselman Decl., Exh. A, ¶ 6.) In Virginia, "[t]he scope of a release agreement, like the terms of any contract, is generally governed by the expressed intention of the parties." Richfood, Inc. v. Jennings, 255 Va. 588, 591, 499 S.E.2d 272, 275 (1998),

*quoting* First Security Federal Savings Bank, Inc. v. McQuilken, 253 Va. 110, 113, 480 S.E.2d 485, 487 (1997). "Where parties contract lawfully and their contract is free from ambiguity or doubt, the agreement between them furnishes the law which governs them." Richfood, 255 Va. at 591-592, 499 S.E.2d at 275, *quoting* Charles E. Russell Co., Inc. v. Carroll, 194 Va. 699, 703, 74 S.E.2d 685, 688 (1953).

A review of the Settlement Agreement jointly drafted by counsel and entered into by Plaintiff and Commonwealth[3] in the adversarial proceeding, Watson v. Commonwealth Radiology, P.C., Case No. 10-03011-DOT, demonstrates that the agreement operates as a release of Commonwealth's agent, UCI, from Plaintiff's claims in this matter.

First, Paragraph 2.b. provides in relevant part that Ms. Watson "hereby knowingly and voluntarily releases, remises and forever discharges Respondents [Commonwealth], its current and former agents . . . from any all costs, attorney fees, damages, claims, demands, obligations, liabilities, defenses, affirmative defenses, counterclaims, actions, and causes of action of whatsoever kind or nature, whether developed or undeveloped, known or unknown, from the beginning of time up to and including the execution of this Settlement Agreement."

Here, the undisputed facts prove that UCI was hired by Commonwealth to attempt to collect on Plaintiff's past due account with Commonwealth, and that in that capacity, UCI was acting as Commonwealth's agent. *See* Karnette v. Wolpoff & Abramson, L.L.P., 444 F.Supp.2d 640, 646 (E.D.Va. 2006) ("a debt collector may function as an agent for the specific purpose of collecting debts") ; *see also* Complaint, ¶ 25. There is nothing in the release that is vague or ambiguous – the release extends to Commonwealth's agents, and operates to release UCI from the claims asserted against it in this action.

---

[3] The Settlement Agreement specifically sets forth in Paragraph 9 that the Agreement "is the joint project of the Parties and their counsel and shall not be construed for or against any party hereto." (Fosselman Decl., ¶3, Exh. A, ¶ 9.)

Further, a review of the pleadings demonstrates that the claim at issue in this action arises from the identical action – the sending of the December 7, 2009 collection letter – that was the basis of Plaintiff's claims in the adversarial proceeding. *Cf.* Adv. Proceeding, ¶¶ 8 - 20 and Complaint, ¶¶ 16 - 27. At the time the Settlement Agreement was entered into by Plaintiff, she was aware of UCI and its actions she now alleges were violations of the FDCPA, was aware that Commonwealth had hired UCI, and was aware that UCI was acting as Commonwealth's agent. *See* Adv. Proceeding, ¶¶ 19 – 22.[4] Under these circumstances the unambiguous "expressed intent" of the parties to the Settlement Agreement was that Ms. Watson release not only Commonwealth, but also its agents, such as UCI. Ms. Watson is bound by the terms of the Settlement Agreement, and Judgment should be entered against Plaintiff and in favor of UCI.

## V. CONCLUSION

The undisputed facts prove that Ms. Watson released Commonwealth and its agents for all claims, and further prove that UCI was and is Commonwealth's agent. Therefore, Defendant UCI respectfully requests that summary judgment be entered in its favor on the Complaint.

    Respectfully submitted,

    UNITED CONSUMERS, INC.
    By Counsel


    ___/S/_Richard J. Link_____
    RICHARD J. LINK, VSB #36960
    Counsel for Defendant
    200-A Monroe Street, Suite 330
    Rockville, MD 20850
    (240) 453-9191

---

[4] In fact, Ms. Watson herself communicated directly with UCI, and when she informed them of her bankruptcy, they immediately ceased collections and closed their file. (Adv. Proceeding, ¶ 22, Ford Decl., ¶ 6.)

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual listed below by Electronic notification on this 24th day of May, 2010 to:

       Jason M. Krumbein, Esq.
       Krumbein Consumer Legal Services
       1650 Willow Lawn Drive, Suite 300
       Richmond, VA  23230

       Mitchell Goldstein, Esquire
       Krumbein Consumer Legal Services
       1650 Willow Lawn Drive, Suite 300
       Richmond, VA  23230
       Attorneys for Plaintiff


       ___/S/_ Richard J. Link_____
       RICHARD J. LINK, VSB #36960
       Counsel for Defendant